IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOLLEY F. WHITFIELD, et al.    :

             :

  v.          :   Civil Action No. DKC 12-2749

             :

SOUTHERN MARYLAND HOSPITAL, INC.,
 et al.         :

### MEMORANDUM OPINION

Presently pending and ready for review in this medical malpractice case is the motion for summary judgment filed by Plaintiffs Holley and Michael Whitfield against Defendants Gastrointestinal Associates of Maryland, P.A. ("GAM") and Dr. Lornette Mills. (ECF No. 17). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for summary judgment will be denied.

## I. Background

The sole issue presented in this early motion for summary judgment is whether Plaintiffs are entitled to summary judgment as to the liability of two of the defendants, GAM and Dr. Lornette Mills, based on their alleged failure to file required certificates of qualified experts and attesting reports in a timely fashion. The history of the case is as follows: On September 28, 2008, Plaintiff Holley Whitfield went to the

emergency department at Southern Maryland Hospital, complaining of abdominal pain and vomiting blood.  After undergoing a series of tests and treatments over a number of days, Ms. Whitfield was transferred to the Medical College of Virginia, where she was ultimately treated for acute mesenteric ischemia, a malady not diagnosed at Southern Maryland Hospital.  Plaintiffs allege that Defendants, including GAM and Dr. Mills, provided inadequate care and treatment to Plaintiff Holley Whitfield from September 29, to October 3, 2008.

The Maryland Health Care Malpractice Claims Act (the "Malpractice Claims Act"), Md. Code Ann. Cts. & Jud. Proc. §§ 3-2A-01 *et seq.*, governs the procedures for medical malpractice claims in the state of Maryland.  *See, e.g.*, *Carroll v. Kontis*, 400 Md. 167, 172 (2007).  On September 26, 2011, Plaintiffs filed a Statement of Claim in the Healthcare Alternative Dispute Resolution Office ("HCADRO"). The HCADRO is an administrative body established by the Malpractice Claims Act.

The Malpractice Claims Act requires a plaintiff to file an expert report and certificate with the HCADRO.  This report and certificate are to outline the "departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury."  Md. Code Ann. Cts. & Jud. Proc. § 3-2A-04(b)(1)(i)(1), (b)(3)(i).  After filing two requests for extensions of time, Plaintiffs filed two

certificates and reports of qualified experts on June 8, 2012. The certificate of service included with the filing of these certificates and reports notes the date and method of service as "via U.S. Mail & Email" on June 8, 2012. (ECF No. 24-4).   The day before, Plaintiffs' counsel handed copies of these certificates and reports to counsel for Dr. Mills and GAM while at a deposition of one of the parties.

If liability is disputed, the Malpractice Claims Act requires that a defendant file, within 120 days of *service* of the plaintiff's certificate and report, a similar expert certificate and report "attesting to compliance with standards of care, or that the departure from standards of care is not the proximate cause of the alleged injury."   Md. Code Ann. Cts. & Jud. Proc. § 3-2A-04(b)(2)(i).   A claim "*may* be adjudicated in favor of the claimant or plaintiff on the issue of liability, if the defendant disputes liability and fails to file a certificate of a qualified expert" inside of the 120 day window.   *Id.* (emphasis added).

Between the filing of the plaintiff's expert certificate and report, and sixty days after all parties have filed expert certificates and reports, any party can waive arbitration, which terminates proceedings in the HCADRO.   *See id.* at § 3-2A-06B(a) to (d)(1).   The Malpractice Claims Act notes that suit may then

be filed in either Maryland circuit court or the U.S. District Court. *Id.* at §§ 3-2A-06A(c), 06B(f).

On July 13, 2012, Plaintiffs requested from the HCADRO a panel of potential arbitrators, and on July 24, 2012 all Defendants filed an election to waive arbitration under the Malpractice Claims Act. On July 27, 2012, HCADRO ordered transfer to this court. Plaintiffs filed their complaint on September 14, 2012. (ECF No. 1). Defendants Mills and GAM filed their certificates and reports on October 9, 2012. On October 10, 2012, a scheduling order was entered. (ECF No. 15). Among other things, this order set the deadline for Defendants' Rule 26(a)(2) disclosures at January 8, 2013. (*Id.*). On October 16, 2012, Plaintiffs filed a motion for summary judgment against GAM and Dr. Mills, (ECF No. 17), which these Defendants opposed on October 31 (ECF No. 24). Plaintiffs replied on November 13. (ECF No. 25).

## II. Standard of Review

Summary judgment may be entered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby,*

4

*Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed.R.Civ.P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (citations omitted). At the same time, the facts that are presented must be construed in the light most favorable to the party opposing the motion. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett*, 532 F.3d at 297.

## III. Analysis

Plaintiffs claim that by personally handing copies of their expert certificates and reports to Defendants' counsel at the June 7, 2012 deposition, they "served" Defendants pursuant to Md. Rule 1-321, which provides "[s]ervice upon the attorney or upon a party shall be made by delivery of a copy . . . Delivery of a copy within this Rule means:  handing it to the attorney or to the party." Accordingly, they argue that the clock began to

run on June 7, and that Defendants' expert certificate and report was due 120 days later, October 5. Defendants argue that they were not officially served with the certificates until they were filed, on June 8. Furthermore, they argue that the filing notes that service was effected "via U.S. Mail & Email" on June 8, 2012, not by hand on June 7. Accordingly, they argue that the 120 day clock did not begin to run until June 8, and that their report was therefore not due until October 6, which was a Saturday and the following Monday was Columbus Day, making their certificate and report due to be filed by Tuesday, October 9, 2012, they day they ultimately filed it. Alternately, they argue that this timing framework does not govern expert disclosures.

There are several reasons why Plaintiffs' argument fails. First, once the case is in federal court, federal rules apply. *See Cannon v. Kroger Co.*, 837 F.2d 660, 664 n. 8 (4th Cir. 1988) (noting that "the Federal Rules of Civil Procedure govern procedure after removal") (citations omitted). Second, Plaintiffs certified that they served the certificates and reports on June 8, and cannot now be heard to contend that their earlier informal supplying of an additional copy was the triggering event, for purposes of the Malpractice Claims Act. Finally, even under the Maryland law, the failure of a defendant

to file a timely certificate does not compel the finding of liability, particularly absent prejudice to Plaintiffs.

**A.    The Federal Rules of Civil Procedure Apply.**

When Plaintiffs filed their complaint in federal court, the Federal Rules of Civil Procedure began governing all procedural matters in the case.  As Judge Hollander noted:

> Because either party may waive arbitration once the claimant's expert certificate and report have been filed, it follows that arbitration may be waived and a judicial proceeding may be initiated before a defendant has filed an expert certificate and report.  In that event, the Malpractice Claims Act requires the defendant to file an expert certificate and report in the judicial proceeding.  *See* C.J. § 3–2A–06B(b)(3) and (c)(3).  However, in *Willever v. United States*, 775 F.Supp.2d 771, 778–86 (D.Md. 2011), Judge Roger W. Titus held that, if arbitration is waived before a defendant's expert certificate and report are filed, and the medical malpractice suit is subsequently conducted in federal court, the statutory provision requiring the defendant to file an expert certificate and report is supplanted by the expert disclosure provisions of Fed.R.Civ.P. 26(a)(2).  He reasoned that, when 'a state law conflicts with a Federal Rule of Civil Procedure, the federal courts [ordinarily] must apply the Federal Rule.'  *Willever*, 775 F.Supp.2d at 779 (citing, *inter alia*, *Hanna v. Plumer*, 380 U.S. 460, (1965)).

*Wilson v. United States*, No. ELH-11-1205, 2012 WL 1555442, at *11 (D.Md. April 30, 2012).  That is the situation here. Because this case is proceeding in federal court and the complaint was filed before Defendants filed their expert

certificate and report, expert disclosure is governed by the Federal Rules of Civil Procedure. The Malpractice Claims Act no longer governs the timing of the filing. The scheduling order set the deadline for Defendant's Rule 26(a)(2) disclosures at January 8, 2013, and they met this deadline.

Plaintiffs argue that the *Wilson* and *Willever* cases do not apply because they were brought under the Federal Tort Claims Act, and this case is here on the basis of diversity jurisdiction. That is a distinction without a difference. When a case is before this court on diversity grounds, *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 78 (1938), requires the application of state substantive law, but not procedure. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). As noted in both *Wilson* and *Willever*, the filing of certificates by defendants is a procedural matter and governed by the Federal Rules of Civil Procedure.

**B.   Service was on June 8.**

Assuming, *arguendo*, that the Malpractice Claims Act applied, it requires Plaintiffs to file the certificate and "serve a copy of the certificate on all other parties to the claim or action or their attorneys of record in accordance with the Maryland Rules." Md. Rule 1-323 provides:

> The clerk shall not accept for filing any pleading or other paper requiring service, other than an original pleading, unless it

> is accompanied by an admission or waiver of
> service or a signed certificate showing the
> date and manner of making service. A
> certificate of service is *prima facie* proof
> of service.

Here, Plaintiffs certified to the HCADRO that service was made June 8 by U.S. mail and email and not by hand on June 7. Their argument that the certificate of service applied only to the Line is disingenuous as the certificate of service recites that counsel "caused a true and exact copy of the foregoing [Line] with the accompanying Certificates of Merit, Attesting Reports, and curriculum vitaes" of the experts. Thus, service was effected by U.S. mail and email on June 8 and if the Malpractice Claims Act applied, the time for Defendants to file an expert report and certificate would not have expired until October 9.[1]

**C.  A finding of Liability is not Required.**

Finally, even if the Malpractice Act applied, and even if service was effected on June 7, the Act does not *require* a finding in Plaintiffs' favor. Rather, the claim "may be adjudicated in favor of the claimant" if the filing is not made within 120 days. Md. Code Ann. Cts. & Jud. Proc. § 3-2A-04(b)(2)(i). As Judge Titus held, a finding of liability is not mandated. *Willever*, 775 F.Supp.2d at 778-79 (noting that the

---

[1] Although Defendants do not rely on Fed.R.Civ.P. 6(d), service by mail actually adds an additional 3 days to the period within which Defendants may respond.

court could exercise discretion by refusing to adjudicate liability in plaintiff's favor where defendant failed to file an expert report as required by the Malpractice Act).   Even if Plaintiffs' arguments were credited, they have not demonstrated that they were prejudiced by Defendants' allegedly late filing, and exercising discretion to find in Plaintiffs' favor on the issue of liability would not be merited.

**IV.  Conclusion**

For the foregoing reasons, the motion for summary judgment filed by Plaintiffs Holley and Michael Whitfield will be denied. A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge